DAVID A. SERRANO (SBN: 292372)
dserrano@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
Embarcadero Center West
275 Battery Street, Twentieth Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendants
BUTA UPPAL and CANADA ROAD CARRIER, LTD

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| VIRIDIANA CAMACHO and JIMENA DEL ANGEL, a minor by and through his GAL ADAN DEL ANGEL NERIS,<br><br>Plaintiffs,<br><br>v.<br><br>BUTA UPPAL, CANADA ROAD CARRIER, LTD and DOES 1 to 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>Monterey Superior Court Case No. 20CV002010<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441(b) (DIVERSITY)**<br><br>DEMAND FOR JURY TRIAL<br><br>Filed concurrently with Declaration of Counsel]<br><br>Sup. Ct. Comp. Filed: July 29, 2020<br>Trial Date: None Set |

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants BUTA UPPAL and CANADA ROAD CARRIER, LTD. ("Defendants"), by and through their counsel GORDON REES SCULLY MANSUKHANI LLP, hereby remove to this court, pursuant to 28 U.S.C. Sections 1331, 1441, and 1446, based on diversity jurisdiction, the claims pending as Case No. 20CV002010 of the Superior Court of California, County of Monterey.  In support of this removal, Defendants state as follows:

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Monterey by Plaintiffs VIRIDIANA CAMACHO and JIMENA DEL ANGEL, a minor by and through his Guardian Ad Litem ADAN DEL ANGEL NERIS, ("Plaintiffs"), against Defendants entitled *Viridiana Camacho, et al. v. Buta Uppal, et al,* Case No. 20CV002010 (the "State Action"). The two named Defendants are BUTA UPPAL and CANADA ROAD CARRIER, LTD. (*See* Declaration of Counsel ("Counsel Decl."), Exh. A.)

2. Plaintiffs initiated the State Action on July 29, 2020. Plaintiffs' unverified complaint asserts personal injury claims, including two (2) causes of action for Negligence and Negligence Per Say against all Defendants, arising out of an alleged vehicle collision that occurred on July 30, 2018, wherein Plaintiff suffered injuries. (Counsel Declaration, ¶ 2, Exh. A, filed concurrently herewith.) Plaintiffs further allege two additional causes of action, Negligent Entrustment and Negligent Hiring, Supervision and Training, against Canada Road Carrier, Ltd. (*See* Counsel Decl., ¶ 2, Exh. A.)

3. Plaintiffs seek damages for (1) past and future medical services; (2) property and other general and special damages; (3) costs of suit; 4) pre- and post-judgment interest; and (5) other relief as the Court deems just and proper. (*Id*.)

4. Defendant Buta Uppal was served with summons on August 12, 2021. Defendant Canada Road Carrier, Ltd was served with summons on August 10, 2021. Answers were filed on October 25, 2021, and the matter is currently pending in the Monterey County Superior Court. (Counsel Declaration, ¶ 3, Exh. B.)

## II. PROCEDURAL REQUIREMENTS

5. Generally, a defendant has thirty (30) days from the date of service of

a copy of the Complaint to remove a case.  (28 U.S.C. § 1446(b).) However, when an action is not initially removable on its face, a defendant has thirty (30) days to remove the case to Federal Court after receiving a copy of "other paper from which it may first be ascertained" that the case is or has become removable. (*Id.*) Plaintiffs filed their Complaint on July 29, 2020.  (*See* Compl., *generally*.)

6. Defendants' counsel served Requests for Statement of Damages to Plaintiffs on October 15, 2021.  Plaintiffs' counsel's office forwarded copies of Plaintiffs' statement of damages on November 2, 2021, first providing counsel with sufficient information on the amount in controversy.  According to Plaintiffs' statement of damages, however, show each Plaintiffs' claimed damages were well in excess of $75,000. Attached as Exhibit C are true and correct copies of Plaintiffs' statements of damages. (Counsel Declaration, ¶ 5, Exh. C.)

7. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since November 2, 2021 has not elapsed. Accordingly, this Notice of Removal is therefore timely filed.

8. Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders for the State Action in Defendants' possession are contained in **Exhibits F** to the Counsel Declaration filed herewith.

9. Pursuant to 28 U.S.C. Section 1446(a), venue is proper in the Northern District of California because this district embraces the place in which the State Action has been pending.

10. Pursuant to 28 U.S.C. Section 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Monterey promptly after filing of same in this Court.

11. Pursuant to 28 U.S.C. Section 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing

of same in this Court.

12. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of their position that this case is properly removable.

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. JURISDICTION: COMPLETE DIVERSITY REQUIREMENT MET

14. This is a civil action over which this Court has original jurisdiction pursuant to 7 U.S.C. Section 1332. This case may be removed to this Court by Defendants pursuant to 28 U.S.C. Section 1441(b) because it is a case that could have been commenced in federal court based on diversity of citizenship. The Plaintiffs' state of residence (much less country) is different from Defendants', and the amount in controversy exceeds $75,000. (Counsel Declaration, ¶¶ 5-8.) (*See Exxon Mobil Corp. v. Allapattah Svcs.*, Inc. (2005) 545 U.S. 546, 549 [holding that 28 U.S.C. § 1367 authorizes supplemental jurisdiction over the claims of the other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount, where at least one named plaintiff in the action satisfies the amount-in-controversy requirement].)

15. At all relevant times, Defendant Canada Road Carrier, Ltd was incorporated in British Columbia, Canada, with its principal place of Surrey,

British Columbia, Canada as registered with the United States Department of Transportation.  Defendant Canada Road Carrier, Ltd.'s corporate headquarters were also located in Surrey, British Columbia, Canada, where its corporate officers and senior management direct, control and coordinate its business. (*See Hertz Corp. v. Friend* 559 U.S. 77, 80-81, 92-93 (2010) [For the 'nerve center" test, the "nerve center" is at the corporate headquarters, "provided that the headquarters is the actual center of direction, control, and coordination"].) (*See* Counsel Decl., ¶ 6.)

16. At the time of the subject incident, the Traffic Collision Report advised Mr. Uppal resided at 11762 75A Ave., Delta, British Columbia, Canada V4C1J5.  Mr. Uppal was then served at 12469 66A Ave. in Surrey, British Columbia, Canada.  I am further informed and believe that Mr. Uppal is not, and has never been during all relevant time periods, a resident of the state of California. (*See* Counsel Decl., ¶7.)

17. As outlined in the Traffic Collision Report provided to my office and as alleged in Plaintiffs' operative complaint, Plaintiffs are listed as residents of the state of California.   (*See* Counsel Decl., ¶ 8, Exh. D.)

18. Moreover, the amount in controversy exceeds the requisite $75,000 limit by a preponderance of the evidence, pursuant to 28 U.S.C. Section 1332. (*See Sanchez v. Monumental Life Ins. Co.* 102 F.3d 398, 404 [The amount in controversy must be proven by a preponderance of the evidence. "Under this burden, the defendant must provide evidence establishing that it is more likely than not' that the amount in controversy exceeds that amount."])  As this case is still in its preliminary stages, Defendants have not been able to conduct formal discovery.

## IV.     INTRA-DISTRICT ASSIGNMENT

19. The state court action was filed in Monterey County, which serves as the basis for assignment to the San Jose Division of the United States District

Court, Northern District of California, pursuant to Local Rule 3.2(e).  (Counsel Declaration, ¶ 9.)

## V. NOTICE TO PLAINTIFF AND STATE COURT

20. Immediately following the filing of this notice of removal of action, written notice of this filing will be served on Plaintiffs and will be filed with the Clerk of the Superior Court for the County of Monterey, in accordance with 28 U.S.C. Section 1446(d).  (Counsel Decl., ¶ 10, Exh. E.)

## VI. DEMAND FOR JURY TRIAL AND NON-WAIVER OF DEFENSES

21. Defendants demand a jury trial.

22. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, or any counterclaims, and without conceding that Plaintiffs have pled claims upon which relief can be granted.

## VII. CONCLUSION

23. Consequently, the State Action may be removed to this Court by Defendants' Buta Uppal and Canada Road Carrier, Ltd in accordance with the provisions of 28 U.S.C. Section 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California and (ii) the action involves complete diversity between all named plaintiffs and defendants and damages in excess of $75,000.

Dated:  November 22, 2021      GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ David A. Serrano
David A. Serrano
Attorneys for Defendants
BUTA UPPAL and CANADA ROAD CARRIER, LTD