# Exhibit A

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 7/29/2020 11:24 AM
By: Christina Flores, Deputy

1
2
SIAMAK VAZIRI, ESQ. [SBN 242447]
svaziri@vazirilaw.com
MARK J. GIANNAMORE, ESQ. [SBN: 125550]
mg@vazirilaw.com
3
**VAZIRI LAW GROUP, APC**
A Professional Law Corporation
4
5757 Wilshire Blvd., Ste. 670
Los Angeles, CA 90036
5
Telephone:     (310) 777-7540
Facsimile:     (310) 777-0373
6

7
Attorneys for Plaintiffs,
VIRIDIANA CAMACHO and
JIMENA DEL ANGEL
8

9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

## FOR THE COUNTY OF MONTEREY

11

12
13
VIRIDIANA CAMACHO and JIMENA DEL ANGEL, a minor by and through his GAL ADAN DEL ANGEL NERIS,

CASE NO 20CV002010

14
Plaintiff(s),

**Unlimited Jurisdiction – Amount in Controversy Exceeds $25,000**

15

16
vs.

**COMPLAINT FOR DAMAGES:**

17
BUTA UPPAL, CANADA ROAD CARRIER LTD, and DOES 1 to 50, inclusive,

1.  **NEGLIGENCE**

18
Defendant(s).

2.  **NEGLIGENCE *PER SE***

19

3.  **NEGLIGENT ENTRUSTMENT**

20

4.  **NEGLIGENT HIRING, SUPERVISION & RETENTION**

21

22
*[Demand for Jury Trial]*

23
    COMES NOW, Plaintiffs VIRIDIANA CAMACHO and JIMENA DEL ANGEL, a

24
minor by and through his guardian ad litem ADAN DEL ANGEL NERIS (hereinafter "DEL

25
ANGEL"), and for Causes of Action against Defendants BUTA UPPAL, CANADA ROAD

26
CARRIER LTD, and DOES 1 to 50, inclusive (collectively hereinafter "Defendants"), and each

27
of them, complains and alleges as follows:

28
///

## FIRST CAUSE OF ACTION

### [Negligence Against Defendants BUTA UPPAL, CANADA ROAD CARRIER LTD, and DOES 1 to 50, Inclusive]

1.      Defendant BUTA UPPAL, hereinafter referred to as "UPPAL," is a natural person, and at all times mentioned in this complaint, was and/or is a resident of the County of Monterey, State of California.

2.      Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, Defendant CANADA ROAD CARRIER LTD, hereinafter referred to as "CANADA ROAD CARRIER," was, and is now, an active Corporation doing business in the County of Monterey and throughout the State of California.

3.      Plaintiff VIRIDIANA CAMACHO, hereinafter referred to as "CAMACHO," is a natural person, and at all times mentioned in this complaint, was and/or is a resident of the County of Monterey, State of California.

4.      Plaintiff DEL ANGEL is a natural person, and at all times mentioned in this complaint, was and/or is a minor and resident of the County of Monterey, State of California. His father, ADAN DEL ANGEL NERIS, brings this action as guardian ad litem for his son, DEL ANGEL.

5.      The true names and capacities of DOES 1 to 50, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs at the time of filing this Complaint, and Plaintiffs, therefore, sue said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiffs as herein alleged.

///

///

///

///

6.     At all times mentioned in this complaint, Defendants CANADA ROAD CARRIER and DOES 1 to 50 owned and operated a 2016 white Volvo semi-trailer truck, bearing Canadian license plate number 42244P, which contained an attached 2015 white Great Dane Reefer, bearing Canadian license plate number 4NT6325, hereinafter referred to as "DEFENDANT's VEHICLE."

7.     At all times mentioned in this complaint, Defendant UPPAL used DEFENDANT's VEHICLE for *commercial purposes*, all while employed and during the course of employment with Defendants CANADA ROAD CARRIER and DOES 1 to 50.

8.     At all times mentioned in this complaint, Plaintiff CAMACHO operated a 2016 gray Honda Accord, bearing California license plate number 7SKL784.

9.     At all times relevant to this action, Defendant UPPAL was the agent and/or employee of Defendants CANADA ROAD CARRIER and DOES 1 to 50.

10.     At all times relevant to this action, Defendant UPPAL was acting within the course and scope of his duties with Defendants CANADA ROAD CARRIER and DOES 1 to 50.

11.     At all times relevant to this action, Defendant UPPAL was performing the kinds of tasks he was employed to perform, and such tasks were reasonably foreseeable in light of Defendants CANADA ROAD CARRIER's and DOES 1 to 50's business and Defendant UPPAL's job duties and responsibilities.

12.     Defendants CANADA ROAD CARRIER and DOES 1 to 50 are liable, through the doctrine of respondeat superior, for those injuries sustained by Plaintiffs CAMACHO and DEL ANGEL that were caused by the negligence of Defendants CANADA ROAD CARRIER's and DOES 1 to 50's employee, Defendant UPPAL.

13.     The traffic collision that is the subject of this lawsuit occurred on July 30, 2018, at approximately 12:20 p.m. on northbound I-101, at the intersection of Eckhardt Road, in the City of Salinas, Monterey County, California 93908.  Defendants, so negligently entrusted, managed, maintained, drove, and operated their vehicles so as to cause them to collide with the Plaintiffs' vehicle, resulting in Plaintiffs' injuries and related damages.  Specifically, Plaintiff CAMACHO was traveling northbound on I-101 approaching Eckhardt Road.  At that time and location,

Defendant UPPAL, who was traveling southbound on I-101, attempted to make a left turn at a point in time when Plaintiff CAMACHO's vehicle was close enough that the turn could not be made with reasonable safety.  As a result of this unsafe turning movement directly in the path of Plaintiff CAMACHO's vehicle, a collision occurred between the front of Plaintiff CAMACHO's vehicle and the passenger side of DEFENDANT's VEHICLE.

14.    At the time of the accident, Defendant UPPAL operated the DEFENDANT's VEHICLE with complete disregard for public safety.

15.    Plaintiffs are informed and believe, and thereon allege, that Defendant UPPAL was negligent because he failed to exercise reasonable care to prevent the subject accident.

16.    At the time of the accident, Defendants UPPAL and CANADA ROAD CARRIER were engaged in an activity that can only be carried on as a result of a grant of public authority and were transporting property that DOE motor carrier was itself obligated to transport.  As a result, said DOE motor carrier is vicariously liable for the negligence of Defendant UPPAL and CANADA ROAD CARRIER, pursuant to the application of California's non-delegable duty doctrine.

17.    As a direct, legal, and proximate result of the reckless and negligent conduct of Defendants, Plaintiffs were compelled to, did, and will continue to employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat their injuries, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

18.    As a direct, legal, and proximate result of the reckless and negligent conduct of Defendants, Plaintiff CAMACHO suffered property damages, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

19.    As a direct, legal, and proximate result of the conduct of Defendants, Plaintiffs were injured in their health, strength, and activity, sustaining injuries to their body, and shock and injury to their nervous system and person, all of which have caused, and continue to cause them great physical, mental, and nervous pain and suffering.  Plaintiffs are further informed and believe, and thereon allege, that said injuries will result in disability to their person, all to their

general damage in an amount which will be stated according to proof, pursuant to California
*Code of Civil Procedure* § 425.10.

### SECOND CAUSE OF ACTION

**[Negligence *Per Se* Against Defendant BUTA UPPAL, CANADA ROAD CARRIER LTD, and DOES 1 to 50, Inclusive]**

20.     Plaintiffs repeat and re-allege Paragraphs 1 through 19, inclusive, and incorporate the same herein by reference.

21.     Defendant UPPAL was the sole cause of this collision by being in violation of *California Vehicle Code section 21801(a)*, which states that "*The driver of a vehicle intending to turn to the left or to complete a U-turn upon a highway, or to turn left into public or private property, or an alley, shall yield the right-of-way to all vehicles approaching from the opposite direction which are close enough to constitute a hazard at any time during the turning movement, and shall continue to yield the right-of-way to the approaching vehicles until the left turn or U-turn can be made with reasonable safety.*"

22.     *California Vehicle Code section 21801(a)* was a law implemented by the State of California to protect individuals from injury or death due to unsafe turns.  Plaintiffs were of the class of persons intended to be protected by these laws.

23.     Defendant UPPAL, therefore, owed Plaintiffs a duty to conduct his affairs in accordance with *California Vehicle Code section 21801(a)*.

24.     Defendant UPPAL breached one or more of the duties established by *California Vehicle Code section 21801(a)*, constituting negligence *per se*.

25.     As a direct, legal, and proximate result of the reckless and negligent conduct of Defendants, Plaintiffs were compelled to, did, and will continue to employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat their injuries, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

///

///

26.     As a direct, legal, and proximate result of the reckless and negligent conduct of Defendants, Plaintiff CAMACHO suffered property damages, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

27.     As a direct, legal, and proximate result of the conduct of Defendants, Plaintiffs were injured in their health, strength, and activity, sustaining injuries to their body, and shock and injury to their nervous system and person, all of which have caused, and continue to cause them great physical, mental, and nervous pain and suffering.  Plaintiffs are further informed and believe, and thereon allege, that said injuries will result in disability to their person, all to their general damage in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

### THIRD CAUSE OF ACTION

**[Negligent Entrustment Against CANADA ROAD CARRIER LTD and DOES 1 to 50, Inclusive]**

28.     Plaintiffs repeat and re-allege Paragraphs 1 through 27, inclusive, and incorporate the same herein by reference.

29.     Plaintiffs are informed and believe, and based thereon allege, that Defendants CANADA ROAD CARRIER and DOES 1 to 50 entrusted the subject commercial vehicle to Defendant UPPAL and that Defendant UPPAL was driving the subject vehicle at the time of the subject accident, which was being used for commercial purposes and gave rise to this lawsuit.

30.     Plaintiffs are informed and believe, and based thereon allege, that Defendants CANADA ROAD CARRIER and DOES 1 to 50 actually knew or should have known that Defendant UPPAL was unfit and incompetent to drive a commercial vehicle and that having Defendant UPPAL drive the commercial vehicle would create an unreasonable risk of harm to others and lead to Plaintiffs' injuries and related damages.

31.     Plaintiffs are informed and believe, and based thereon allege, that Defendants CANADA ROAD CARRIER and DOES 1 to 50 had the opportunity and ability to control the conduct of Defendant UPPAL but failed to do so and allowed their "unfit" driver to operate their commercial vehicle at issue to this lawsuit.

32.     Plaintiffs are informed and believe, and based thereon allege, that Defendants CANADA ROAD CARRIER and DOES 1 to 50 were negligent because they failed to exercise reasonable care to prevent Defendant UPPAL's reckless conduct.

33.     Plaintiffs are further informed and believe, and thereon allege, that the aforementioned negligent entrustment of said commercial vehicle by Defendants CANADA ROAD CARRIER and DOES 1 to 50 directly and proximately caused or contributed to causing the subject commercial vehicle to collide with Plaintiffs' vehicle as complained of herein.

34.     As a direct, legal, and proximate result of the reckless and negligent conduct of Defendants, Plaintiffs were compelled to, did, and will continue to employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat their injuries, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

35.     As a direct, legal, and proximate result of the reckless and negligent conduct of Defendants, Plaintiff CAMACHO suffered property damages, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

36.     As a direct, legal, and proximate result of the conduct of Defendants, Plaintiffs were injured in their health, strength, and activity, sustaining injuries to their body, and shock and injury to their nervous system and person, all of which have caused, and continue to cause them great physical, mental, and nervous pain and suffering.  Plaintiffs are further informed and believe, and thereon allege, that said injuries will result in disability to their person, all to their general damage in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

## FOURTH CAUSE OF ACTION

**[Negligent Hiring, Supervision, and Retention Against CANADA ROAD CARRIER LTD and DOES 1 to 50, Inclusive]**

37.     Plaintiffs repeat and re-allege Paragraphs 1 through 36, inclusive, and incorporate the same herein by reference.

///

38.     Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, Defendant UPPAL was acting within the course and scope of his duties for Defendants CANADA ROAD CARRIER and DOES 1 to 50.

39.     Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, Defendants CANADA ROAD CARRIER and DOES 1 to 50 were negligent in the hiring, supervision, and retention of Defendant UPPAL in that Defendants CANADA ROAD CARRIER and DOES 1 to 50 knew or should have known facts that would warn a reasonable person that Defendant UPPAL presented an undue risk of harm to third persons in light of the particular work to be performed.  In particular, Defendants CANADA ROAD CARRIER and DOES 1 to 50 knew or should have known that Defendant UPPAL was unfit for the specific tasks to be performed during the course of his employment, namely the general safe operation of the subject commercial vehicle during his employment for Defendants CANADA ROAD CARRIER and DOES 1 to 50.

40.     Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, Defendants CANADA ROAD CARRIER and DOES 1 to 50 were negligent by failing to provide any or sufficient training or supervision to Defendant UPPAL after hiring him and retained Defendant UPPAL as an employee for job performance, which mainly included driving, such as the subject commercial vehicle, on public streets, highways, and freeways in the County of Monterey, State of California.

41.     Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, Defendants CANADA ROAD CARRIER and DOES 1 to 50 owed a duty of care to the public, including Plaintiffs, in the hiring, training, supervision, and retention of their agents, employees, servants, and/or independent contractors, which they assigned to operate motor vehicles such as the subject commercial vehicle.

///

///

///

///

42.     As a direct, legal, and proximate result of the reckless and negligent conduct of Defendants, Plaintiffs were compelled to, did, and will continue to employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat their injuries, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

43.     As a direct, legal, and proximate result of the reckless and negligent conduct of Defendants, Plaintiff CAMACHO suffered property damages, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

44.     As a direct, legal, and proximate result of the conduct of Defendants, Plaintiffs were injured in their health, strength, and activity, sustaining injuries to their body, and shock and injury to their nervous system and person, all of which have caused, and continue to cause them great physical, mental, and nervous pain and suffering. Plaintiffs are further informed and believe, and thereon allege, that said injuries will result in disability to their person, all to their general damage in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

///
///
///
///
///
///
///
///
///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs VIRIDIANA CAMACHO and JIMENA DEL ANGEL pray for judgment against the Defendants, and each of them, as follows:

(1)    For compensatory damages including damages for medical expenses, future medical care, mental and emotional distress, property, and other general and special damages according to proof at trial;

(2)    For actual damages, including but not limited to medical and related expenses, in an amount according to proof at trial;

(3)    For pre-judgment interest at the maximum legal rate;

(4)    For post-judgment interest at the maximum legal rate;

(5)    For costs of suit herein incurred;

(6)    For such other relief that at the Court may deem just and proper.


DATED:  July 28, 2020                    VAZIRI LAW GROUP, APC

                                         A Professional Corporation



                                         By:  _Siamak Vaziri_____
                                              SIAMAK VAZIRI, ESQ.
                                              MARK J. GIANNAMORE, ESQ.
                                              Attorneys for Plaintiffs,
                                              VIRIDIANA CAMACHO and
                                              JIMENA DEL ANGEL

1

## **DEMAND FOR JURY TRIAL**

2

3

Plaintiffs VIRIDIANA CAMACHO and JIMENA DEL ANGEL hereby demand for a

4

trial by jury as to all causes of action.

5

6

DATED:  July 28, 2020                    VAZIRI LAW GROUP, APC

7

8                                        A Professional Corporation

9

10

11                            By:    *Siamak Vaziri*

12                                   SIAMAK VAZIRI, ESQ.
                                     MARK J. GIANNAMORE, ESQ.
13                                   Attorneys for Plaintiffs,
                                     VIRIDIANA CAMACHO and
14                                   JIMENA DEL ANGEL

15

16

17

18

19

20

21

22

23

24

25

26

27

28